# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-971V
Filed: August 29, 2017
UNPUBLISHED

|  |  |
|---|---|
| WILLIAM DYE,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Isaiah Richard Kalinowski, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On August 10, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered injuries causally related to the seasonal influenza vaccination he received on November 30, 2015. Petition at 1, ¶¶ 3, 13. On May 23, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 27).

  On August 8, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Motion") (ECF No. 31). Petitioner requests attorneys' fees in the amount of $22,903.10 and attorneys' costs in

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the amount of $1,846.75.  (*Id.* at ¶¶ 3-4.)  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *See* Exhibit 7, filed as 1st Attachment to Pet. Motion (ECF 31-1).  Thus, the total amount requested is $24,749.85.  Pet. Motion at ¶ 8.

On August 22, 2017, respondent filed a response to petitioner's motion.  (ECF No. 32).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On August 22, 2017, petitioner filed a reply.  (ECF No. 33).  Petitioner argues that respondent incorrectly asserts that he has no role to play in the determining the appropriate amount of attorneys' fees and costs in vaccine cases.  *Id.* at 2.  Petitioner maintains that "[i]f Respondent finds a request to pay attorneys' fees or reimburse case costs to be unreasonable, it is Respondent's responsibility to present evidence of such to the Court."  *Id.* (citations omitted).  Petitioner asserts she has provided sufficient evidence to support her request.  *Id.* at 3.

Petitioner requests the full hourly rate for time petitioner's counsel spent traveling.  *See* Exhibit 8, filed as 2nd Attachment to Pet. Motion, at 3.  Petitioner has, however, properly separated time spent traveling from time spent by petitioner's counsel performing substantive work.  *See id.*

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate.  *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).  However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits."  *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).  "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling."  *Id.*  In this case, all travel time which occurred in 2015 will be compensated at 50% of the usual hourly rate for work performed in 2016 by petitioner's counsel, $349.  Thus, the amount awarded for attorneys' fees is reduced by **$3,559.80**, reflecting a reduction in hourly rate from $349 to $174.50 for this travel time.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Accordingly, the undersigned awards **$19,343.30** in attorneys' fees and **$1,846.75** in attorneys' costs for a total award of **$21,190.05**[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Isaiah Kalinowski.  Per petitioner's request, the check shall be forwarded to Maglio, Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, FL 34236.

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.